

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS

~~WILLIAMSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-6571
Re: Whether a person transporting a load
of steel by truck of which he is
the bona fide owner is exempt from
regulation of Motor Carrier Act by
reason of Sec. 1a(1) (a) and Sec.
1b of Art. 911b, V.A.C.S., under
the facts stated.

We have your opinion request reading as follows:

"I write your department for an opinion, covering this situation:

"A person owning and operating his own motor vehicle, towit: a truck, purchases steel at Port Arthur, Texas, on a basis of $50.00 per ton, when he transports the same over the highways of the State of Texas and resells such steel wherever he is able to do so at an advanced price, to say, about $78.00 per ton, the profit in the transaction being his compensation for the service rendered. This party claims to own a junk yard at Longview, and may claim to carry such products transported by him to his junk yard located at Longview for resale.

"This particular load of steel, here referred to, is apparently neither junk or scrap steel.

"I enclose you herewith for your information copy of said party's invoice, as well as report of the inspector of the Railroad Commission, relating to this situation.

"(a) Is the carrying of such steel by this party without a permit from the Railroad Commission of Texas unlawful?

"(b)  Is the profit in the resale of this
steel at an advanced price, such compensation as to
make the use of the highways of Texas unlawful by
such party in transporting the same without a permit?"

Under the facts stated the person inquired about is
subject to the Motor Carrier Act and must have a permit from the
Railroad Commission unless he is exempt by Section 1a(1)(a) and
Section 1b of Art. 911, V.A.C.S., which reads as follows:

"Sec. 1a(1) Provided, however, that the term
'Motor Carrier' and the term 'Contract Carrier' as
defined in the preceding section shall not be held
to include:

"(a)  Any person having a regular, separate,
fixed and established place of business, other than
a transportation business, where goods, wares, and
merchandise are kept in stock and are primarily and
regularly bought from the public or sold to the pub-
lic or manufactured or processed by such person in
the ordinary course of the mercantile, manufacturing,
or processing business, and who, merely incidental to
the operation of such business, transports over the
highways of this State such goods of which such person
is the bona fide owner by means of a motor vehicle
of which such person is the bona fide owner; . . . .

"Sec. 1b.  Any person who transports goods,
wares, or merchandise under the circumstances set
forth in the foregoing Section 1a so as to be ex-
cluded by the terms of said section from the defi-
nition of 'motor carrier' or 'contract carrier'
shall be deemed to be a private motor vehicle owner;
and such use of the highways by such private motor
vehicle owners, as herein defined, shall be construed
as use of the highways for the general public and
not the use of such highways for the carrying on
the business of transporting property for compensa-
tion for hire."

This article is part of House Bill No. 25, ch. 290,
Acts of the 47th Legislature (1941) p. 463.

The invoice which you enclosed recites that the steel
was sold on terms of net cash. However, the inspection report
by Mr. J.J. Ray, Jr. states that the steel was paid for after it
was resold. We will assume, however, that this was not a consign-
ment to an agent for sale but that a sale was made of the load
of steel by the Port Iron & SUpply Company, Inc. at Port Arthur,

Texas, to the person inquired about who received it in his own truck.

Our answer to your question will also depend on whether the person inquired about has a "regular, separate, fixed and established place of business" for sale at retail of the steel which he was hauling. His "junk yard" at Longview may or may not be such an established business. This would depend on the facts and you have not given us enough information in your letter for us to determine this point. However, we will assume as a basis of this opinion that the person inquired about does have a "junk yard" at Longview where he sells steel to the public.

Under the foregoing assumptions, our answer to your inquiry is that the person inquired about does come within the terms of the statute above quoted and is not required to have a permit from the Railroad Commission. The fact that he makes a profit on the steel after he gets it to Longview over and above what he bought it for, or that one particular load was resold by him at retail without actually carrying it to Longview and redelivering it from that point, does not alter our answer to your question. From the facts stated in your letter it is apparent that the person inquired about is engaged in business for himself (other than transportation business) and is hauling his own merchandise in his own trucks.

Trusting that the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Fagan Dickson
Fagan Dickson
Assistant

FD:BT:wc


APPROVED MAY 23, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman